UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Case No. 24-15052-JGR |
| Gunnison Valley Properties LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | Chapter 11 |
| _____ | ) | |
| | ) | |
| DDC, LLC, | ) | |
| d/b/a Dietrich Dirtworks, LLC | ) | |
| | ) | |
| Creditor/Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Gunnison Valley Properties LLC | ) | |
| | ) | |
| Debtor/Respondent. | ) | |

**CREDITOR DDC, LLC, D/B/A DIETRICH DIRTWORKS, LLC MOTION TO MODIFY THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1)**

DDC, LLC, d/b/a Dietrich Dirtworks, LLC ("DDC") or ("Movant"), a creditor of Gunnison Valley Properties LLC, hereby moves this Court ("Motion"), pursuant to section 362(d)(1) of title 11 of the United States Code ("Bankruptcy Code") and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, for entry of an order modifying the automatic stay to permit the Gunnison County District Court to rule on pending Motions for Summary Judgment and proceed to trial. In support of this Motion, Movant states as follows:

### A. Jurisdiction and Venue

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b) and 157.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## B. Background

### Gunnison County Action

3. On November 28, 2023, Movant filed a Complaint in Intervention commencing a case styled: *DDC, LLC, d/b/a DIETRICH DIRTWORKS, LLC v. GUNNISON VALLEY PRORPERTIS, LLC, et al.*, 2023CV30028 ("Gunnison County Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A** and is incorporated herein by reference.

4. Movant is a small, family-owned, excavation company.

5. Debtor is a large real estate developer that was developing, in phases, a project called "Gunnison Rising," which will eventually include some 2,700 lots (the "Project").

6. The Gunnison County Action relates to Debtor's inability or refusal to pay Movant over $4,000,000 it admittedly owes for excavation, grading, trenching, water and sewer piping, electrical lines, lift stations, and other "dirt" work Movant performed for Debtor over the past two years pursuant to the Parties' time and materials contract ("T&M Contract"). Debtor paid DDC $4,366,312 over a period of months under the T&M Contract and then stopped paying but, nevertheless, *promised* to pay and asked DDC to continue to perform work to complete Phase 1 of the Project and to order materials and supplies for Phase 2 of the Project. DDC took Debtor at its word and performed the work to complete Phase 1 and ordered and delivered the materials and supplies for Phase 2, but Debtor, for its part, failed and refused to pay.

7. Accordingly, DDC proceeded to serve Debtor with a Notice of Intent to file a mechanic's lien and then a Mechanic's Lien Statement.

8. Then, after other contractors who had performed work on the Project and had not been paid for their work, and who had also filed mechanics liens, DDC filed its Complaint in Intervention.

9. Thus, the Gunnison County Action arises from and affects real property located in Gunnison County for the Gunnison Rising Project. A true and correct copy of the property description is attached to the Complaint in Intervention as Exhibit A, and is incorporated by reference.

Parties to the Litigation other than the Movant or Debtor

10. BMC Properties, LLC ("BMC") is a Colorado limited liability company, with a principal place of business at 864 W. South Boulder Road, Suite 200, Louisville, Colorado, and is named as the beneficiary of a deed of trust which appears on the title to the Property. BMC shares the same business address as Debtor and shares common ownership with Debtor.

11. Isabelle Estates, Inc. ("Isabelle Estates") is a Colorado corporation, with a principal place of business at 864 W. South Boulder Road, Suite 200, Louisville, Colorado, and is named as the beneficiary of a deed of trust which appears on the title to a portion of the Property for the Project. Isabelle Estates, like BMC, shares the same business address as Debtor and shares common ownership with Debtor.

12. Biomedical Ventures, LLC ("Biomedical") is a Colorado limited liability company, with an address of 100 Saint Paul Street, Suite 700, Denver, Colorado, and is named as the beneficiary of a deed of trust which appears on the title to a portion of the Property for the Project.

13. Wesco Distribution, Inc. ("Wesco") is a Delaware corporation, with a principal place of business at 11198 E. 45th Ave., Suite 150, Denver, Colorado and has filed a mechanics

lien which appears in the title to the Property, which may include some or all the Property for the Project.

14. The Gunnison County Public Trustee could have claimed an interest in the Property by virtue of deeds of trust but has disclaimed any interest in the Property or the Parties' disputes.

15. Spallone Construction, Inc. ("Spallone") is a Colorado corporation engaged in the business of providing construction services, with a principal place of business at 449 CR 818, Gunnison, Colorado, and has filed a mechanics lien which appears on the title to the Property

<u>Status of the Gunnison Valley Action</u>

16. The trial of the Gunnison Valley Action was scheduled to commence on September 23, 2023. Substantial discovery (including numerous sets of written discovery requests, the exchange of thousands of documents, and numerous depositions) was completed and, importantly and relevant to this Motion, two partially dispositive motions for summary judgment were filed and have been fully brief are ripe for determination:

    a. DDC's Motion for Partial Summary Judgment for the amount owed on the T&M Contract, save and except for the amount of interest owed (which remains a disputed issue of material fact); and Debtor, BMC, Isabelle Estates and Biomedical's Motion for Partial Summary Judgment for a determination of whether DDC has a valid mechanics lien on the Project Property. A true and correct copy of DDC's Motion is attached hereto as **Exhibit B** and is incorporated herein by reference. A true and correct copy of the Gunnison Valley Properties, LLC, Isabelle Estates, BMC, and Biomedical's Joint Motion for Partial Summary Judgment is attached hereto as **Exhibit C** and is incorporated herein by reference.

17. The Court conducted a status conference on September 5, 2024 in the Gunnison County Action and reported that it has reviewed both Motions and was prepared to rule on both Motions in about a week when she received the Notice of Stay and stopped work. The Court remains prepared to rule on both Motions if this Court grants relief from stay permitting it to rule. The Court has set a status conference for October 21, 2024 and invited the Parties to advise it of this Court's decision regarding relief from stay before then. The Court has indicated a new trial can be set in January or February 2025.

### C.  Relief Requested and Argument

This United States Bankruptcy Court for the District of Colorado has looked to the Curtis Factors, set for in the case *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984); *see e.g. In re Dampier,* 2015 WL 6756446 (Bankr. D. Colo. Nov. 5, 2015) in determining if "cause" for relief from the automatic stay exists to allow a state court matter to move forward. Although the scope of what constitutes "cause" is not defined in the Bankruptcy Code, case law under the Code has recognized certain relevant factors which may be considered in deciding whether to modify the stay to permit litigation against the debtor to proceed in another forum. These include, but are not limited to:

(1) Whether the relief will result in a partial or complete resolution of the issues.

(2) The lack of any connection with or interference with the bankruptcy case.

(3) Whether the foreign proceeding involves the debtor as a fiduciary.

(4) Whether a specialized tribunal has been established to hear the cause of action and that tribunal has the expertise to hear such cases.

  (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.

  (6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.

  (7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.

  (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c).

  (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).

  (10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties.

  (11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.

  (12) The impact of the stay on the parties and the "balance of hurt".

As noted in the case *In re Crespin*, 581 B.R. 904 (Bankr. D.N.M. 2018), factors 3, 5, 6, 7, and 8 are often not relevant, while certain other factors not delineated in the *Curtis* factors may be relevant.

Critical here in order of importance are:

 a. <u>Factor (1) Whether the relief will result in a partial or complete resolution of the issue</u>s. Determinations of the claim status amongst the parties in the Gunnison County Action. If the Gunnison County Court can rule on the pending Motions for Partial Summary Judgment, it may result in partial or complete resolution of the issues. The amount of DDC's claims, save

and except only for interest Debtor owes (and cost and fees) will be liquidated. Whether DDC has a valid mechanic's lien (pertinent to the priority of its claim) will be determined. Permitting the matter to go to trial would result in complete resolution of the issues.

      b.      <u>Factor (2) The lack of any connection with or interference with the bankruptcy case</u>. Permitting the Gunnison County Action to proceed to trial, and certainly at least permitting the court to rule of the pending Motions for Partial summary Judgment, will not interfere with this bankruptcy case. The rulings on the pending Motions for Partial Summary Judgment will occur within the first 30 days of the filing of the bankruptcy case. A plan has not been proposed or formulated at this point and the conclusion of the Gunnison County Action will likely move the bankruptcy process along swiftly.

      c.      <u>Factor (4) Whether a specialized tribunal has been established to hear the cause of action and that tribunal has the expertise to hear such cases.</u> Movant is cognizant that the process of determining the allowance of claims is of basic importance to the administration of a bankruptcy estate. *Gardner v. New Jersey*, 329 U.S. 565, 573-74 (1947); *Lesser v. Gray*, 236 U.S. 70, 74 (1915). Allowance or disallowance of claims is a core bankruptcy function. 28 U.S.C. §157(b); 11 U.S.C. § 502; see *Crespin*, 581 B.R. at 909. While the claims process is paramount to bankruptcy adjudication and plan administration, here, the Gunnison County District Court is familiar with Colorado law surrounding mechanics liens and the facts pertinent to a determination of the amount of DDC's Claims, and its adjudication of the same is likely fully concluded before the end of October.

      d.      *Factor (10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties*. As previously stated, all discovery in the Gunnison County Action has been completed and there are pending Motions for Summary Judgment that

were about to be ruled on at the time of the bankruptcy filing. The disposition of those Motions will narrow the issues so that the only remaining issues to be decided will be: (1) the applicable interest rate to be applied to DDC's claim (and the costs and attorneys' fees it is due); and (2) the priority of competing claims by and amongst parties other than the Debtor.

  e. <u>Factor (11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial</u>. Again, the Gunnison County Action was set for trial on September 23, 2024. All the Parties are ready for trial and the pending Motions for Partial Summary Judgment are fully brief and ripe for determination.

  f. <u>Factors (7) and (12) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties and Balance of Hurt.</u> The only Parties impacted by relief from stay would be those who have filed Motions for Partial Summary Judgment and those who are ready for trial. The reality is that the Movant could be equally impacted by an adverse ruling in the Gunnison County Action as would be the other Parties in the Gunnison County Action. But the Movant and the estate may be hurt by the delay in resolving the issues which are the subject of the pending Motions for Partial Summary Judgment and by having to invest the time, costs and expense of litigating issues in this bankruptcy that are already set for consideration in the Gunnison County Action.

### D. <u>Conclusion</u>

Based upon the above and foregoing there is sufficient "cause" to modify the automatic stay.

WHEREFORE, the Movant respectfully requests that the Court either: (1) modify the automatic stay to allow the Gunnison County Action to proceed so the Court can rule on the pending Motions and then proceed to trial or, alternatively, (2) modify the stay to permit the

Court to rule on the pending Motions for Summary Judgment, and (3) for such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted this 9th day of September 2024.

                                                              **LANTZ LAW GROUP**

                                                     */s/ Robert D. Lantz*
                                                     Robert D. Lantz, # 30825
                                                     1123 Auraria Parkway Suite. 100
                                                     Denver, CO 80204
                                                     T: 303-949-0317
                                                     E: rlantz@lantzlawgrou.com
                                                     *Counsel for Deitrich Dirtworks and*
                                                     *Construction LLC.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on September 9, 2024, a true and correct copy of the foregoing **MOTION TO MODIFY THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1)** was e-served via CM/ECF to all active parties of record:

Andrew D. Johnson
Onsager Fletcher Johnson LLC
600 17th Street Suite.425N
Denver, CO 80202
Phone: 720-457-7061
Email: ajohnson@OFJlaw.com


Paul Moss
Bryon G. Rogers Federal Building
1961 Stout St.
Denver, CO 80294
Phone: 303-312-7995
Email: Paul.Moss@usdoj.gov

 

                                               */s/ Angela R. Martinez*
                                               Angela R. Martinez, Paralegal