UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

|  |  |  |
|---|---|---|
| In re: | ) ) | |
| GUNNISON VALLEY PROPERTIES, LLC<br>EIN: 45-3189891 | ) ) ) ) | Case No. 24-15052-JGR<br>Chapter 11 |
| Debtor. | ) | |

**ORDER GRANTING IN PART MOTION FOR ENTRY OF ORDER APPROVING THE SALE OF LOT 5 AND LOT 6, GOVERNMENT CAMPUS, PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE §§ 363(b), 363(f) AND 363(m), WAIVING THE 14-DAY STAY PURSUANT TO FED. R. BANKR. P. 6004(h), AND GRANTING RELATED RELIEF INCLUDING COMPENSATION OF BROKER**

THIS MATTER having come before the Court on the Motion for Entry of Order: (A) Approving the Sale of Lot 5 and Lot 6, Government Campus, Free and Clear of All Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to Bankruptcy Code §§ 363(b), 363(f) and 363(m), Waiving the 14-Day Stay Pursuant to Fed. R. Bankr. P. 6004(h), and Granting Related Relief, Including Compensation of Broker (the "Motion")[1] and the Supplement to the Motion, both filed by Gunnison Valley Properties, LLC ("Debtor") and the Court, having reviewed the Motion and being fully advised in the premises, hereby finds and concludes as follows:

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(a) and 1334.

B. Venue is proper under 28 U.S.C. § 1408 and 1409.

C. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

D. The statutory predicates for the relief requested in the Sale Motion are 11 U.S.C. § 363 and Fed. R. Bankr. P. 6004.

E. As set forth on (i) the Certificate of Service and the Supplements to Certificate of Service of the Sale Motion and (ii) the Notice of the Sale Motion, the Amended Notice of the Sale Motion, and the Certificate of Service of the Notice and the Amended Notice filed with the Court, proper, timely, adequate, and sufficient service and notice of the Sale Motion and the relief requested therein, and all deadlines related thereto, was given and no further service or notice was required or need be provided. A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to service and notice pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

---

[1] All terms not otherwise defined herein shall have the meaning set forth in the Sale Motion.

F.  The sale of Lot 5 and Lot 6 to Buyer is duly authorized pursuant to 11 U.S.C. §§ 363(b)(1) and (f), Fed. R. Bankr. P. 6004(f), and L.B.R. 6004-1. As demonstrated in the Sale Motion and on the record, Debtor marketed Lot 5 and Lot 6 and conducted all aspects of the sale process in good faith. The marketing process undertaken by Debtor and its professionals, agents and representatives with respect to Lot 5 and Lot 6 was adequate and appropriate and reasonably calculated to maximize the value of the Lot 5 and Lot 6 for the benefit of Debtor's estate. The transaction contemplated by the Contract constitutes the highest or otherwise best offer the Lot 5 and Lot 6.

G.  Approval of the Contract and consummation of the transaction contemplated in the Contract is in the best interests of Debtor, its estate, creditors, and other parties in interest in this case.

H.  Debtor has demonstrated good, sufficient, and sound business purposes and justifications for the Court to approve the Sale Motion pursuant to 11 U.S.C. § 363(b)

I.  The Buyer is unrelated to Debtor, and the Contract was negotiated and has been undertaken by Debtor and Buyer at arm's length without collusion or fraud, and in good faith within the meaning of 11 U.S.C. § 363(m), and, as a result of the foregoing, the Debtor's estate and the Buyer are entitled to the protections of 11 U.S.C. § 363(m);

J.  With respect to each entity asserting a lien or purported lien in Lot 5 and Lot 6 as described in paragraph 3 below, by failing to object each such entity has consented in accordance with 11 U.S.C. § 363(f)(2), or such entity holds interests that are subject to a bona fide dispute in accordance with 11 U.S.C. § 363(f)(4).

K.  The Buyer would not have entered into the Contract and would not consummate the Sale if Lot 5 and Lot 6 were not sold free and clear of liens, claims, encumbrances or other interests (other than the Title Exceptions as described in paragraph 4 below) to the greatest extent permitted by the Bankruptcy Code and applicable non-bankruptcy law. A sale of Lot 5 and Lot 6 other than one that is free and clear of all encumbrances (other than the Title Exceptions) would yield substantially less value for Debtor, with less certainty, than the sale as contemplated by the Contract.

L.  The transfer of Lot 5 and Lot 6 to Buyer will be a legal, valid, and effective transfer of Lot 5 and Lot 6 to Buyer, and shall vest Buyer with all right, title and interest of Debtor to Lot 5 and Lot 6 free and clear of any and all liens, claims, encumbrances and interests, other than the Title Exceptions.

Based on the foregoing, the Court hereby ORDERS as follows:

1.  The Motion is hereby GRANTED in its entirety.

2.      Pursuant to 11 U.S.C. § 363(b), the Contract is APPROVED and Debtor is authorized to sell, transfer and on convey Lot 5 and Lot 6 to Buyer on the terms and conditions set forth in the Contract. Debtor, Buyer, and each of their respective officers, employees and agents are authorized and empowered to take all actions and execute and deliver any and all documents and instruments that Debtor deems necessary or appropriate to implement and effectuate the terms of the Contract and this Order.

3.      Subject to closing of the sale and payment of the purchase price to Debtor, the sale of Lot 5 and Lot 6 to Buyer shall be free and clear of any and all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363(f), including but not limited to the following (together, the "Liens and Claims"), except for the Title Exceptions described in paragraph 4 below:

   a.      Any lien asserted by Wesco Distribution, Inc., including the Statement of Lien recorded in the real property records for Gunnison County, Colorado on May 2, 2023 at Reception No. 690518 and any related lis pendens;

   b.      Any lien asserted by Spallone Construction, Inc., including the Statement of Mechanics' Lien recorded in the real property records for Gunnison County, Colorado on November 23, 2022 at Reception No. 688743 and any related lis pendens;

   c.      Any lien asserted by Biomedical Ventures, LLC, including the Amended and Restated Deed of Trust to Public Trustee recorded in the real property records for Gunnison County, Colorado on September 15, 2022 at Reception No. 687198 and the Deed of Trust to Public Trustee recorded in the real property records for Gunnison County, Colorado on January 23, 2023 at Reception No. 689481;

   d.      Any lien asserted by DDC, LLC dba Dietrich Dirtworks, including the Notice of Intent to File Lien Statement and Extending Time to File Lien Statement recorded in the real property records for Gunnison County, Colorado on September 5, 2023 at Reception No. 692731, the Amended Statement of Mechanics' Lien recorded in the real property records for Gunnison County, Colorado on July 26, 2024 at Reception No. 697449, and any lis pendens related to the foregoing;

   e.      Any lien asserted by Crabtree Group, Inc., including the Statement of Lien recorded in the real property records for Gunnison County, Colorado on December 4, 2023 a Reception No. 694314;

   f.      Any lien asserted by BMC Properties, LLC, including the Deed of Trust to Public Trustee recorded in the real property records for Gunnison County, Colorado on March 30, 2020 at Reception No. 665869; and

   g.      Any lien asserted by Isabelle Estates, Inc., including the Deed of Trust to Public Trustee recorded in the real property records for Gunnison County, Colorado on July 27, 2022 at Reception No. 686160.

4. Set forth on Exhibit A hereto are the title exceptions contained in Schedule B-Part II of the Title Commitment issued by Gunnison County Abstract Company, Commitment No. G25-59 (the "Commitment Exceptions"). Lot 5 and Lot 6 are being sold the Buyer subject to all Commitment Exceptions except for the following:

   a. "Any lien, or right to a lien, for services, labor or material heretofore or hereafter furnished, imposed by law and not shown by the public records" (exception no. 4); and

   b. "Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by" the Title Commitment (exception no. 5).

   (the Commitment Exceptions less those identified in 4. a. and 4. b. are the "Title Exceptions.")

Exception nos. 4 and 5 will be insured over as required by the Contract. Other than exception nos. 4 and 5, most of the Title Exceptions constitute interests and encumbrances on Lot 5 and Lot 6.

5. Debtor is authorized in its to pay the Closing Costs identified in the Sale Motion from cash proceeds at closing, including Bluebird Real Estate's commission, and other customary closing costs. Bluebird Real Estate's compensation of $60,000 in connection with the sale of Lot 5 and Lot 6 is approved pursuant to 11 U.S.C. § 330. After payment of the Closing Costs, all remaining proceeds from the sale of Lot 5 and Lot 6 shall be deposited into a segregated account, where they shall be held pending further order of this Court. All Liens and Claims shall attach to the sale proceeds to the same validity, extent, and priority as they exist with respect to Lot 5 and Lot 6 prior to the closing.

6. Debtor is authorized to pay the 2024 real estate taxes for Lot 5 and Lot 6 identified in the Supplement.

7. The Buyer is a good faith purchaser under 11 U.S.C. § 363(m) and as such, is entitled to all protections afforded thereby.

8. The Buyer is not an "insider" of Debtor, as that term is defined in 11 U.S.C. § 101(31).

9. The consideration provided by the Buyer for Lot 5 and Lot 6 pursuant represents the fair market value therefore and thus also represents (a) reasonably equivalent value under the Bankruptcy Code, (b) fair consideration under any Uniform Fraudulent Transfer Act or any Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration, fair salable value, and fair value under any such laws as applicable or any other applicable laws of the United States, any state, territory, or possession thereof, or the District of Columbia. The Contract cannot be avoided under 11 U.S.C. § 363(n). Neither the Buyer nor any of its affiliates engaged in

any conduct that would cause or permit the Contract or the sale contemplated thereby to be avoided, or costs or damages to be imposed, under 11 U.S.C. § 363(n).

10. As of the Closing, pursuant and subject to the terms of the Contract, the transfer of Lot 5 and Lot 6 and the sale will effect a legal, valid, enforceable, and effective transfer of Lot 5 and Lot 6 and will vest the Buyer with all of the Debtor's rights, title, and interests in and to Lot 5 and Lot 6, including operatorship thereof, free and clear of all liens, claims and encumbrances, including the Liens and Claims described above and in the Motion, other than the Title Exceptions.

11. This Order and the Contract shall be binding in all respects upon Debtor, the estate, all creditors of and equity holders in Debtor and any and all other parties in interest in this chapter 11 case, including, without limitation, any and all holders of liens or purported liens against Lot 5 and Lot 6, Buyer and its affiliates, successors, and assigns, and any trustee or successor trustee appointed in this chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code. The Contract and the sale are not subject to rejection or avoidance (whether through any avoidance, fraudulent transfer, preference or recovery, claim, action, or proceeding arising under chapter 5 of the Bankruptcy Code or under any similar state or federal Law or any other cause of action) by Debtor, any chapter 7 or chapter 11 trustee of the Debtor's bankruptcy estate or any other person.

12. The Contract may be modified, amended, or supplemented by the parties thereto in a writing signed by the parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on Debtor's estate.

13. The 14-day stay imposed by Fed. R. Bankr. P. 6004(h) is hereby waived.

Dated: May 5, 2025

BY THE COURT:

_____
Honorable Joseph G. Rosania, Jr.
United States Bankruptcy Judge